COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-510-CR
 
MICHELLE ROSE NURNBERG       
           
           
           
           
       APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
  STATE
------------
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Michelle Rose Nurnberg appeals from
the trial court's revocation of her appeal bond. We dismiss the appeal for want
of jurisdiction.
Nurnberg's conviction for
solicitation of capital murder was affirmed by this court on September 12, 2002.
Nurnberg v. State, No. 2-01-306-CR, slip op. at 4 (Tex. App.--Fort
Worth September 12, 2002, pet. filed). She then filed a petition for
discretionary review, which remains pending before the Texas Court of Criminal
Appeals. On October 14, 2002, the trial court held Nurnberg's appeal bond
insufficient, thereby revoking her bond, and issued a warrant for her arrest. On
November 26, 2002, appellant filed an emergency motion for a bond hearing or
bond reinstatement, which the trial court denied. Nurnberg filed her notice of
appeal on December 11, 2002.
Nurnberg's notice of appeal was due
within 30 days after the trial court determined her appeal bond was insufficient
and revoked her bond. See Tex. R. App. P. 26.2(a). She did not file her
notice of appeal until December 11, 2002, which was after the expiration of the
time period for filing the notice of appeal.
On December 31, 2002, this court
notified Nurnberg's counsel by letter of its concern that it lacked jurisdiction
over the appeal because the notice of appeal was not timely filed and stated
that the appeal was subject to dismissal unless Nurnberg or any party desiring
to continue the appeal filed a response showing grounds for continuing the
appeal. No response has been filed.
The failure to file a timely notice
of appeal, or a timely motion for extension of time within 15 days after the
deadline for filing a notice of appeal, deprives this court of jurisdiction over
the appeal. See Tex. R. App. P. 25.2(a), 26.3; Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (applying predecessor to rules 25 and
26); see also Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998) (stating that Olivo is still valid after 1997 changes to
appellate rules). Accordingly, we dismiss the appeal for want of jurisdiction.
 
                                                                       
PER CURIAM
 
PANEL D: WALKER, J.; CAYCE, C.J.;
and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered February 13, 2003]

1. See Tex. R. App. P. 47.4.